# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

BRANDY M. PLUMB, an individual, )
)
          Plaintiff, )
)
vs. )
) Case No. 08-CV-140-GKF-FHM
PAPA JOHN'S INTERNATIONAL, INC., )
a foreign corporation; PAPA JOHN'S USA, )
INC., a foreign corporation; VANTAGE )
POINT DEVELOPERS, L.L.C., an Oklahoma )
limited liability company; VANTAGE POINT )
ENTERPRISES, L.L.C., an Oklahoma limited )
liability company; VANTAGE POINT )
RESTAURANTS, L.L.C., an Oklahoma )
limited liability company; CHIEFTAINS PJOK, )
L.L.C., an Oklahoma limited liability company; )
VANTAGE POINT PJOK, L.L.C., an Oklahoma )
limited liability company, MICHAEL J. )
KNUTSON, an individual, F. MACK GREEVER, )
an individual; and CHRISTOPHER GREEVER, )
an individual, )
)
          Defendants. )

## OPINION AND ORDER

This matter comes before the court on the defendant Michael Knutson's Motion to Dismiss [Doc. No. 38]. For the reasons set forth below, defendant's motion is granted.

### I. Background and Procedural History

Plaintiff is a former employee of a Papa John's franchise restaurant located in Sapulpa, Oklahoma. On March 7, 2008, she filed the instant action against Papa John's International, Inc., Papa John's USA, Inc., Vantage Point Developers, L.L.C., Vantage Point Enterprises, L.L.C., Vantage Point Restaurants, L.L.C., and Chieftans PJOK, L.L.C. In her Complaint, plaintiff alleged she started working for defendants on or about September 14, 2005, when she was a minor [Doc. No. 2, Complaint, ¶15]. Plaintiff alleged that commencing in November 2005,

Michael Knutson, a co-worker, began subjecting her to unwanted and inappropriate comments and touching of a sexual nature [*Id.,* ¶17], frequently in the presence of Brian Walls, the store manager [*Id.,* ¶18]. Plaintiff asserted Walls, who was her supervisor, failed to discipline Knutson for this behavior and often laughed at some of the things Knutson did, thereby encouraging him to continue. [*Id.,* ¶¶19-20]. Plaintiff contended that in January 2006, she was "constructively forced to resign her position with Defendants, rather than continue to work for a company whose management would allow this inappropriate and offensive behavior to continue." [*Id.,* ¶21]. Plaintiff asserted a claim against the corporate defendants for hostile work environment and wrongful discharge in violation of 42 U.S.C. §2000e-2(a)(1). [*Id.,* ¶¶33-38].

On March 10, 2008, plaintiff filed suit in Creek County District Court against the same corporate defendants and Knutson, Case No. CJ-2008-0026. In that lawsuit, based on the same allegations plaintiff made in this case, she asserted claims for public policy wrongful discharge against the corporate defendants, intentional infliction of emotional distress against Knutson and the corporate defendants, assault against Knutson and battery against Knutson. On December 17, 2008, the Honorable Joe Sam Vassar entered an order staying the state court suit pending resolution of plaintiff's federal court action. Judge Vassar's order staying the state court case stated:

> Plaintiff is hereby warned that failure to urge all causes of action in the federal case will expose her to not only claims of splitting her action, but also claim preclusion.

[Doc. No. 48, Ex. A., Order]. Counsel for both plaintiff and Knutson approved the form of the order. [*Id.*]

On March 26, 2009, plaintiff filed a First Amended Complaint in this case, naming as

2

additional defendants Knutson, Christopher M. Greever, and F. Mack Greever.[1] In addition to her Title VII claim for hostile environment/constructive discharge against the corporate defendants, she asserted the following claims: public policy wrongful discharge against the corporate defendants; intentional infliction of emotional distress against all defendants; negligent supervision against the corporate and the Greevers; negligent retention against the corporate defendants and the Greevers; assault against Knutson; and battery against Knutson. [Doc. No. 33, First Amended Complaint].

Knutson has filed a Rule 12(b)(6) motion to dismiss all claims against him on the basis that the claims are barred by applicable statutes of limitation. Knutson contends that the statute of limitation for all such claims expired on September 22, 2008–one year after plaintiff's eighteenth birthday. Furthermore, he asserts that Fed.R.Civ.P. 15(c)–relation back of amendments–does not save the claims. Plaintiff argues Knutson is collaterally estopped from asserting limitations based on the order entered by the state court judge and approved by counsel for Knutson.

## II. Analysis

The statute of limitations for a claim of intentional infliction of emotional distress is two years under 12 O.S. §95(3). The statute of limitations for both assault and battery is one year under 12 O.S. §95(4). However, 12 O.S. §96 provides:

If a person entitled to bring an action other than for the recovery of real property,

---

[1] According to the Greevers, the Papa John's franchise in Sapulpa was owned and operated by Chieftains PJOK, LLC, which was in turn owned by Vantage Point Restaurants, LLC, which was in turn owned by Vantage Point Developers, LLC. Mack Greever owns a minority interest in Vantage Point Developers, LLC. Chris Greever, Mack Greever's son, had no ownership interest in any of the corporate entities, and managed a Papa John's franchise location other than the one where plaintiff worked. [Doc. No. 42, Greevers' Motion to Dismiss, pp. 2-3]

> except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed...

12 O.S. §96.  A minor falls within the category of those operating under a legal disability.  *See Garrison v. Wood,* 957 P.2d 129, 130 n. 2 (Okla. App. 1997), citing *Heston v. People's Elec. Co-op,* 824 P.2d 1137 (Okla. 1992).  The parties agree that plaintiff was a minor at the time she was employed by Papa John's.  Plaintiff turned 18 on September 22, 2007, and thus, pursuant to 12 O.S. §96, had until September 22, 2008, to file her claims against Knutson.  Plaintiff asserted the intentional infliction of emotional distress, assault and battery claims against Knutson in the state court action filed on March 10, 2008; thus, the state court claims were brought within the one-year period provided by 12 O.S. §96.  However, she did not assert the claims in federal court until she filed her First Amended Complaint on March 26, 2009.  The issue is whether those claims are time barred.

Plaintiff contends she is *not* relying on Fed.R.Civ.P. 15(c) in opposing Knutson's motion.[2]  Rather, her sole argument is that, based on the doctrine of issue preclusion, Knutson is barred

---

[2] Rule 15(c) provides that an amendment to a pleading relates back to the date of the original pleading under certain circumstances, usually involving cases where a plaintiff mistakenly identified a defendant and failed to sue the correct party until after the applicable statute of limitations had run.  *See Pan v. Bane,* 141 P.3d 555 (Okla. 2006); *Traveler's Indemnity Co. v. United States for Use of Const. Specialties Co.,* 382 F.2d 103 (10th Cir. 1967).  Rule 15(d) does *not* save claims otherwise barred by applicable statutes of limitation where plaintiff was aware of all possible defendants but made a tactical decision not to bring claims against those defendants in the original complaint.  *See Pan v. Bane*; *Rendall-Speranza v. Nassim,* 107 F.3d 913, 917-19 (D.C. Cir. 1997); *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir. 1994).  Here, plaintiff sued the corporate defendants in federal court, asserting a Title VII claim, on March 7, 2008, and sued the corporate defendants and Knutson in state court three days later, making identical factual allegations and asserting state court claims.  Clearly, this is not a case of inadvertent mistaken identity but rather one where plaintiff made a tactical decision to divide her claims between federal and state court.

from asserting the statute of limitations because Judge Vassar's order, approved as to form by Knutson's attorney, stated, "Plaintiff is hereby warned that failure to urge all causes of action in the federal case will expose her to not only claims of splitting her action, but also claim preclusion."

"Under the doctrine of collateral estoppel or 'issue preclusion,' once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Robinson v. Volkswagenwerk AG,* 56 F.3d 1268, 1272 (10th Cir. 1995), citing *Allen v. McCurry,* 449 U.S. 90, 94 (1980) and *Wilson v. Kane,* 852 P.2d 717, 722 n. 23 (Okla. 1993). Issue preclusion does *not* apply, though, if the party against whom it is asserted did not have a full and fair opportunity to litigate the issue in the earlier case. *Robinson* at 1272, citing *Allen* and *Veiser v. Armstrong,* 688 P.2d 8800 (Okla. 1984).[3] More importantly, the doctrine of collateral estoppel or issue preclusion "is activated when an ultimate issue has been determined by a *valid and final judgment.*" *Carris v. John R. Thomas and Associates, P.C.,* 896 P.2d 522, 527 (Okla. 1995). *See also Nealis v. Baird,* 996 P.2d 438, 458 (Okla. 2000).

Here, plaintiff relies upon language in an order staying the state court case. The sentence relied upon by plaintiff does not even reference statute of limitations issues, much less draw any conclusion about them. There is no indication the parties had a "full and fair opportunity to litigate" whether applicable statutes of limitations would bar assertion of the state claims against

---

[3]The court in *Robinson* noted, "Although there is some confusion as to whether application of collateral estoppel is governed by federal or state law in successive diversity actions...we conclude that the result in this case is the same regardless of whether Oklahoma law or federal law is applied." 56 F.3d at 1272, n. 3 (citation omitted).

Knutson in *this* case; nor was a valid and final judgment entered in the state court case. As a result, plaintiff's assertion of issue preclusion fails.

Plaintiff failed to assert her state court claims against Knutson in this case within the one-year period allowed by 12 O.S. §96. Therefore, her claims are time barred.[4]

### III. Conclusion

For the reasons set forth below, defendant Knutson's Motion to Dismiss [Doc. No. 38] is granted.

ENTERED this 14th day of October, 2009.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[4] Obviously, this court renders no decision about the timeliness of the claims asserted in the state court action, and the claims remain viable–although stayed–in that case.